## KINGS COUNTY SURROGATES' COURT.

### [ No. 7. ]

In the matter of the claim of DAVID S. MILLS, a creditor, agt.
The estate of JOHN THURSBY, deceased.

A surrogate, on an application under § 18 of 2 *R. S.*, 116, has a discretion to de-
cree payment of a judgment against a testator, or a proportional part thereof;
but this discretion will not be exercised for the benefit of the applicant, where
it appears that there is comparatively a small amount of cash and of assets in
the inventory, that are immediately convertible into money; and the testator
having provided in his will for the payment of the claim out of moneys to be
raised on mortgage upon his real estate; and that the real estate and his busi-
ness should be preserved for the benefit of his children—there being property
of the testator amply sufficient to pay the judgment.

*Special Term, February* 17, 1854.

THIS was an application by Mills, to the surrogate of Kings
County, to compel the executors of John Thursby, deceased,
to pay a judgment recovered in the supreme court, September,
1851, for $19,455.78, and docketed in that county before the
death of the judgment debtor. The facts sufficiently appear
in the opinion of the court.

> ALBERT MATHEWS, *for petitioner Mills.*
> N. DANE ELLINGWOOD, *for executors.*

By the court—JESSE C. SMITH, surrogate. This application is
made under subdivision 1 of § 18, (2 *R. S., p.* 116,) for the pay-
ment of a judgment in favor of said David S. Mills against the
deceased, recovered in his lifetime. The answer and admis-
sions showed that an appeal was taken from the judgment,
which was entered upon the report of referees, before the death
of said John Thursby, which is still pending; that no stay of
proceedings was obtained upon the said judgment, in conse-

quence of some informality; that the sheriff made a levy during the lifetime of the said deceased, upon his personal property; that the proceedings upon the levy has been stayed from time to time, by orders obtained by the deceased and his representatives; and that a motion is now pending in favor of the plaintiff, David S. Mills, against the sheriff of the County of Kings, for a fine or penalty against him for a neglect to return said execution.

The inventory of the executors, which has been filed since this proceeding was commenced, shows that the personal estate of the deceased consisted of claims against insurance companies for $7,000, which claims do not appear to be at once collectable; $6,000 of bank and insurance stock; $3,000 in cash; $6,734.50 in machinery in a ropewalk, formerly carried on by deceased, and now carried on by the executors; and that the whole inventory, including household furniture, claims, moneys, stocks, &c., amounts to $23,442.68. It is admitted that the estate is amply sufficient to pay the claim.

It does not appear that any of the personal assets have been sold or reduced to cash. On the 16th day of June, 1853, letters testamentary were issued to the executors. The will of the deceased, after providing for the payment of his debts, and some legacies that are charged upon the estate, directs the body of the estate, both real and personal, to be appraised by certain persons named in the will, and to be taken by certain of the sons of the deceased, who are some of the executors, at the valuation made by these appraisers, subject to the charges thereon.

The will then provides for raising the money, by bond and mortgage on the estate, to pay this claim or judgment, if it shall become necessary so to do.

The will evidently contemplates the preservation of the real estate, and of the machinery necessary to carry on the ropewalk, for the benefit of the sons of the deceased, to whom the same is devised and bequeathed.

The general policy of the statute, as stated by Chief Justice NELSON in *Fitzpatrick* agt. *Brady*, (6 *Hill*, 581,) is to allow eighteen months to settle the estates of deceased persons, or, at

all events, to give twelve months before proceedings should, as a general thing, be taken to compel payment against the estate of a deceased person.

It is six months after the issuing of letters testamentary, before an order can be obtained to advertise for claims against the estate.

It is then six months before the notice expires.'

If a party die before execution, and after judgment against him, no execution can issue against him until one year after his death; and so, under the law of 1851, application can only be made, to issue execution against the real estate of the deceased on which the judgment is a lien, until one year after the death of the judgment debtor. Is there anything in the nature and circumstances of this case that should call upon the surrogate to exercise the power and discretion which is given him by the 18th section, to decree payment of the claim, or a proportional part thereof? It is said the will gives the power to the executors to raise money by mortgage, and pay off this claim. I have no power to compel them so to do. I might decree that they pay the whole, or a proportional part of the debt, and so compel them to sell the personal property, or to raise money by mortgage. Here, again, the statute authorizes sales of personal property out of the city of New-York, on a credit not exceeding one year, with approved security. It might be deemed for the interest of the estate to exercise this power of selling on a credit, and then it would be impossible to collect the proceeds so as to pay upon the application. Under the circumstances of this case, considering the small amount of cash and of assets that are immediately convertible in the inventory; the intent of the testator to preserve the business to his sons; and the condition of the appeal and litigation, in reference to the judgment in the court of law where the same was obtained, I do not think that the exercise of a sound discretion would require me to decree payment of said judgment, or a proportional part thereof, at this time. But as the decision of the question on appeal may place this matter in a situation to call for the exercise of such discretion, I shall deny the

present application without costs, and with leave to renew the same at a subsequent time upon application, showing additional facts to authorize the same, and upon notice of six days to the executors and executrix.